# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

Dr. Hussein W. Egal,

              Plaintiff,

vs.

Dr. Jennings R. Staley, MD,
Nine Line, Incorporated, A California Corporation,
d/b/a Freelance Physician,

Defendants.

              CASE NO.: _____

Complaint for Breach of Contract, Good Faith and Fair Dealing, Unjust Enrichment, Accounting, Violation of M.S. 181.14, And Fraud

**DEMAND FOR JURY TRIAL**

**GENERAL ALLEGATIONS**

1.    Plaintiff Dr. Hussein W. Egal is a Medical Doctor who brings claims for Breach of Contract, Good Faith and Fair Dealing, Unjust Enrichment, Accounting, Violation of M.S. 181.14, and Fraud, against Dr. Jennings R. Staley, MD, and Nine Line, Incorporated d/b/a Freelance Physician for a wage which was not paid and causing him to be financially damaged.

**JURISDICTION AND VENUE**

2.    The Minnesota Federal Court has jurisdiction over this case pursuant to diversity of citizenship since Defendant Staley is a citizen of the state of California, Defendant Nine Line, Incorporated, d/b/a Freelance Physician is a California business and Plaintiff Doctor is a Minnesota citizen pursuant to 28 U.S.C. § 1332.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1332 because the acts complained of herein took place in this district.  Venue is also proper pursuant to 28 U.S.C. § 1391(b) and (c) because, at all times material and relevant, Defendants Staley and and Nine Line d/b/a Freelance transacted business in this district.

4.      Defendants Staley and Nine Line d/b/a Freelance have transacted business in Minnesota, and the fraud was concealed within the State of Minnesota.

5.      This action arises under Federal and Minnesota law and arose in more than one county in the state of Minnesota including Hennepin county.

6.      The Plaintiff, Dr. Hussein Egal (*"Egal"*) is a citizen of the United States and resident of the State of Minnesota, from August 1999 to present.  Plaintiff is a medical doctor licensed in Minnesota.

7.      The Defendant Staley is the owner of Freelance Physician and is a citizen of the state of California.

8.      Defendant Freelance Physician hereafter referred to as either Freelance, Nine Line or Nine Line d/b/a Freelance is a physician service and a citizen of the state of California. Freelance Physician is an agency that arranges for Doctors to work at Hospitals for a set fee with a prearranged wage paid to the Doctor.

9.      Defendant Nine Line, Incorporated is a citizen of the state of California.  Nine Line, Incorporated is a company that does business as Freelance Physician and issues the paychecks to the physicians retained by Freelance.

10.     There is diversity of citizenship between Plaintiff and Defendants Staley, Freelance and Nine Line.

11.     The matter in controversy exceeds, exclusive of interest and costs the sum of seventy-five thousand dollars ($75,000).

**INTRODUCTION**
COMPLAINT

FACTS

12.     The Plaintiff is a Medical Doctor who works in emergency rooms. Defendants Staley and Nine Line d/b/a Freelance represented to him starting in 2016 that Nine Lie d/b/a Freelance had work for him to do at various hospitals and promised he would be paid a wage that was above what he would be paid as a regular employee of the hospitals he was agreed to work in. Defendants Staley and Freelance represented that he would be promptly paid all wages due him at prearranged rates of pay. He was contracted by the Defendants, Dr. Jennings R. Staley, Freelance Physician, and Nine Line, Incorporated to work for HealthEast in St. John's Hospital, St. Joseph's Hospital, Woodwinds Hospital, and in District One Hospital. Defendant Dr. Jennings R. Staley is the owner of Nine Line d/b/a Freelance Physician and is aware of Plaintiff's relationship with Nine Line d/b/a Freelance. The Defendants Staley and Nine Line d/b/a Freelance represented that it was to pay him $225.00 per hour for working in the emergency rooms of HealthEast Hospitals, St. John's Hospital, St. Joseph's Hospital, and Woodwinds Hospital. He was to be paid $250.00 per hour for working in the emergency room of District One Hospital. Under specific circumstances (i.e., holidays, and short-staffed days/nights) he was to be paid time and a half or $337.50 at the HealthEast Hospitals, St. John's Hospital, St. Joseph's Hospital, and Woodwinds Hospital. Under specific circumstances (i.e., holidays, and short-staffed days/nights) he was to be paid time and a half or $375.00 per hour at District One Hospital. Despite the representations and contract of Nine Line d/b/a Freelance earlier, the Defendants Staley and Freelance did not pay the Plaintiff for all of the hours he worked nor did the assigned hospitals. Plaintiff attempted to get paid from Defendants but he was put off by Defendants Staley and Nine Line d/b/a Freelance. The information he did get from the Defendants Staley and Nine Line d/b/a Freelance was confusing and contradicted the idea that he was properly paid as well as the fact that they had no intention of addressing the unpaid money due and owing to him. Freelance made false representations as to the amount he would be paid and then claimed to Plaintiff that it had directly deposited money in his account as

payment on money owed to him when that was untrue, that he had to fill out further papers even weeks after his work at a hospital was long since completed and the wages Freelance had previously promised payment would be forthcoming any day.

13.     On the 31st day of December 2017, Defendants Staley and Freelance claimed to be indebted to the Plaintiff for services rendered in the sum of approximately $71,993.75, but no part thereof has been paid.  The actual amount of wages due and owing appears to be larger and to exceed seventy-five thousand dollars ($75,000.00).  The Defendants Staley and Freelance has failed to fully pay the Plaintiff for services that he performed per its earlier representations and then the contract of the parties and the Defendants Staley and Freelance has refused and still refuses to pay the same or any part thereof of the damages in the approximate amount of $71,993.75 and on information and belief a larger amount than that is due to him.  For example, Plaintiff performed services after the stated $71,993.75 that so the actual amount should be larger.  Plaintiff is owed money by Defendants Staley and Freelance who have failed to pay money due and owing.  At the time of making this complaint in November of 2018 the Defendants still have not paid Plaintiff for all of the services that he performed going all the way back to 2016 despite Plaintiff's repeated attempts to get paid by Freelance as it represented it was to do.

## COUNT ONE
## BREACH OF CONTRACT

14.     The Plaintiff re-alleges the previous paragraphs hereto that are incorporated herein by reference and are set forth herein.

15.     A contract was formed based on the verbal offers of Jennings Staley and others at Freelance and the written offers of payment made through communications including email. These written offers of payment for services clearly were an offer of payment for services to be rendered by Plaintiff.  The consideration being payment of money by Defendants and medical services to be performed by Plaintiff as consideration in return.  The period of the contract was unlimited.  The contract started in 2016.

16.     Defendants represented an amount of money to be paid to Plaintiff for services performed by him starting in 2016.  The representations starting in 2016 constituted an offer which was accepted by Plaintiff in October of 2016 as set forth earlier in this complaint.  The Plaintiff and Defendants Staley and Freelance entered into a contract for Plaintiff to provide

medical services to the assigned hospitals in Minnesota.  Starting in 2016 there was no end date for the contract.  The rate of pay was to be $225.00 per hour and $337.50 per hour for holidays and special circumstances shifts in the HealthEast Hospitals where he was promised time and a half for the hours he worked.  Plaintiff was to be paid $250.00 per hour and $375.00 per hour for holidays and special circumstances shifts in District One Hospital.

17.     Payments were to be promptly made by Defendants Staley and Freelance to Plaintiff via Direct Deposit into his US Bank account.  This was not done for all of the wages that were due and owing.  Defendant has not paid for all services performed by Plaintiff in 2016, 2017, and 2018.

18.     The Plaintiff is a Minnesota citizen.  Defendant Dr. Jennings R. Staley is the owner of Freelance Physician and is a resident of the state of California.  Defendants Freelance Physician and Nine Line, Incorporated are California citizens.  The Defendants Freelance Physician and Nine Line, Incorporated were supposed to make the payments for services to the Plaintiff for services performed in the state of Minnesota.  The Defendants Staley and Freelance in making the contract with Plaintiff was operating within the state of Minnesota to do business.

19.     The written contract is made up of various e-mail offerings and email message exchanges to and from the parties by Freelance to Plaintiff for work for him to do at respective Minnesota hospitals.  There were various e-mails sent that were offerings of jobs and acceptances of these offerings by Plaintiff.  The first of the offerings that was accepted was in 2016.  Attached hereto and incorporated herein by reference is Exhibit B which is an email showing Defendant's offers.  The e-mail offerings and Plaintiff's acceptance of the offers and subsequent work done by him pursuant to the acceptance of these offers forms a contract.  The offers layout the consideration to be paid by Freelance for work to be done during a period of time for the assigned Minnesota hospital.  The Plaintiff was induced to agree to the terms of the offers by Defendants Staley and Freelance's representations.

20.     Plaintiff worked for Defendants at the following times for which he has not been fully paid.  See Exhibit A which sets forth hours that Dr. Egal worked for each Hospital and the rate of pay per hour that he was supposed to be paid per his contract with Defendants Staley and Freelance.  There may be additional hours Plaintiff performed services as well, but he does not at the time of making the complaint have access to that information.

21.     Defendants Staley and Freelance intentionally, knowingly, confusingly and falsely with scienter kept changing when and how the payments were to be made to Plaintiff of wages that were due and owing so that he was not paid in a reasonable or timely manner.  See Exhibits B and C which are email messages that confirmed the rate of pay that was supposed to have been paid to Plaintiff.

22.     The consideration was clearly laid out that Plaintiff would be paid for all services he rendered and that the Defendants Staley and Freelance would get the benefit of those services and be paid by the hospitals for the services that the Plaintiff had performed.

23.     Plaintiff has at all times and in all descriptions, conditions and agreements stated in said contract performed all of the services and in the manner thereof.  Plaintiff specified and properly fulfilled his requirements, but the Defendants Staley and Freelance have not.  Plaintiff has demanded payment from Defendants but it has refused to pay him.

24.     Defendants Staley and Freelance have failed and refused, and still fails and refuses to perform said contract on its part.

25.     By reason thereof Plaintiff has been damaged in an approximate sum of which is believed by Plaintiff to exceed seventy-five thousand dollars ($75,000.00) but the exact sum of which is currently unknown and of which only part of which has been paid by Defendants Staley and Freelance.

26.     The Plaintiff has requested payment from Defendants Staley and Freelance but it has not complied.

27.     The Defendants Staley and Freelance breached the contract and have failed to make payments as required.

28.     The Defendants' breach of contract is the direct and proximate cause of loss to Plaintiff.

29.     Plaintiff has been damaged in excess of seventy-five thousand dollars ($75,000.00).

COUNT TWO

GOOD FAITH AND FAIR DEALING

30.     The Plaintiff re-alleges the previous paragraphs hereto that are incorporated herein by reference and are set forth herein.

31.     Defendants Freelance and Staley spoke with Plaintiff before he ever accepted the Defendants' offer.  Staley and others at Freelance made false representations to Plaintiff as to how much he would earn as wages.  Staley and others promised Plaintiff repeatedly that he would be paid $225.00 per hour for services he would perform.  There was fraud in the inducement of Staley and others at Freelance and again later after the contract was in effect further fraud.  Freelance used bait and switch tactics by offering one amount of pay, but later paying less when it paid at all.

32.     The Plaintiff and Defendants Staley and Freelance entered into a contract for Plaintiff to provide medical services to assigned hospitals in Minnesota.  The rate of pay was to be $225.00 per hour and $337.50 per hour for holidays and special circumstances shifts in the HealthEast Hospitals where he was promised time and a half for the hours he worked.  Plaintiff was to be paid $250.00 per hour and $375.00 per hour for holidays and special circumstances shifts in District One Hospital.

33.     Defendants Staley and Freelance by its false representations assured the Plaintiff that it was going to look out for his best interests and enhance his earning power by giving him good paying jobs and paying him in a timely manner.

34.     Payments were to be made by Defendants Staley and Freelance to Plaintiff in a prompt manner via Direct Deposit into his US Bank account for all of the wages due and owing.  This was not done.

35.     The Defendants Staley and Freelance breached the contract and have failed to make all of the payments for wages due and owing as required by the contract between the parties.

36.     Despite requests for payment by Plaintiff, the Defendants Staley and Freelance have not complied but put him off showing that it has not acted in good faith and/or dealt with him in a fair manner.  See Exhibit D which are similar demands for payment from Plaintiff to Defendant.  There has been a violation of good faith and fair dealing by Defendants in their contract with the Plaintiff.  Defendants Staley and Freelance have made intentional, knowledgeable with scienter false representations to Plaintiff including that it had made direct deposit payments to him on his wages, that he had to fill in further papers before being paid and that there were technical glitches that prevented him getting paid.  Defendants baited and

switched Plaintiff.  It baited him with a promise of larger payment of $225.00 per hour and then switched the figure to $200.00 per hour.

37.     The Defendants' failure to act in good faith and deal fairly is the direct and proximate cause of loss to Plaintiff.

38.     The Plaintiff has been damaged in excess of seventy-five thousand dollars ($75,000.00).

COUNT THREE

UNJUST ENRICHMENT WAS RECEIVED BY DR. JENNINGS R. STALEY,
AND NINE LINE, INCORPORATED D/B/A FREELANCE PHYSICIAN

39.     The Plaintiff re-alleges the previous paragraphs hereto that are incorporated herein by reference and are set forth herein.

40.     The Plaintiff and Defendants Staley and Freelance entered into a contract for Plaintiff to provide medical services to assigned hospitals in Minnesota.  The Defendants benefited from the medical services provided by the Plaintiff.  The rate of pay was to be $225.00 per hour and $337.50 per hour for holidays and special circumstances shifts in the HealthEast Hospitals where he was promised time and a half for the hours he worked.  Plaintiff was to be paid $250.00 per hour and $375.00 per hour for holidays and special circumstances shifts in District One Hospital.

41.     Defendants Staley and Freelance assured the Plaintiff that it was going to look out for his best interests and enhance his earning power by giving him good paying jobs and paying him in a timely manner.

42.     Payments were to be made by Defendants Staley and Freelance to Plaintiff in a prompt manner via Direct Deposit into his US Bank account for all of his wages that were due and owing.  This was not done.

43.     The Defendants Staley and Freelance breached its obligation and has failed to make all of the payments as required by the contract between the parties.

44.     Defendants Staley, Freeland and Nine Line were unjustly enriched by being paid by the Hospitals and by not paying the Plaintiff for services that he performed.

45.     The failure of the Defendants to pay Plaintiff for the services that he performed that benefited them is the direct and proximate cause of loss to the Plaintiff.

46.     The Plaintiff has been damaged in excess of seventy-five thousand dollars ($75,000.00).

## COUNT FOUR

## ACCOUNTING

47.     The Plaintiff re-alleges the previous paragraphs hereto that are incorporated herein by reference and are set forth herein.

48.     The Plaintiff and Defendants Staley and Freelance entered into a contract for Plaintiff to provide medical services to assigned hospitals in Minnesota.  The rate of pay to Plaintiff was to be $225.00 per hour and $337.50 per hour for holidays and special circumstances shifts in the HealthEast Hospitals where he was promised time and a half for the hours he worked.  See Exhibit G.  Plaintiff was to be paid $250.00 per hour and $375.00 per hour for holidays and special circumstances shifts in District One Hospital.

49.     Defendants Staley and Freelance assured the Plaintiff that it was going to look out for his best interests and enhance his earning power by giving him good paying jobs and paying him in a timely manner.  A contract was formed based on the offers of payment made through communications including telephone and email.  These written offers of payment for services clearly were an offer of payment for services to be rendered by Plaintiff.  The consideration being payment of money by Defendants and medical services to be performed by Plaintiff as consideration in return.  The period of the contract was unlimited.  The contract started in 2016.

50.     Payments were to be made by Defendants Staley and Freelance to Plaintiff in a prompt manner via Direct Deposit into his US Bank account.  This was not done for all of the payments that the Plaintiff earned.

51.     The Defendants Staley and Freelance breached the contract and have failed to make all of the payments for wages due and owing as required by the contract between the parties.

52.     The Defendants' breach of contract is the direct and proximate cause of loss to Plaintiff.

53.     The failure of Defendants Staley and Freelance to properly explain how it handled payments and account for payments allegedly made and to be made makes it unclear as to the exact amount due and owing to the Plaintiff.  Defendants refuse to supply information on all of the hours that Plaintiff performed services nor will they supply the accounting for payments due

to.  Defendants also refuse to provide actual payment to Plaintiff for all of the services that he performed.

54.     On the 31st day of December 2017, Defendants Staley and Freelance claimed to be indebted to the Plaintiff for services rendered in the sum of approximately $71,993.75, but no part thereof has been paid.  See Exhibit F.  The actual amount of wages due and owing appears to be larger and to exceed seventy-five thousand dollars ($75,000.00).  Therefore, this amount together with interest thereon is past due and unpaid as of the date of this record. The Defendants Staley and Freelance have failed to fully pay the Plaintiff for services that he performed per the contract of the parties and the Defendants Staley and Freelance have refused and still refuses to pay the same or any part thereof to damages in the approximate amount of $71,993.75.  Plaintiff performed services after that so the actual amount should be larger.  It has become necessary for Plaintiff in attempting to collect on this account to employ the undersigned counsel to file the suit therefore, Plaintiff should be entitled to reasonable attorney's fees in the sum for having to bring this suit.

55.     Plaintiff requests an accounting for all payments made and due and owing to him for the services that he performed according to the contract for Defendants Staley and Freelance at HealthEast Hospitals, St. John's Hospital, St. Joseph's Hospital, Woodwinds Hospital, and Defendant District One Hospital.

56.     The Plaintiff requests the court order an accounting which includes a full audit including a full explanation which includes records of all of the hours he performed services for Defendants, as well as all supporting documentation along with payments due from Defendants Staley and Freelance to Plaintiff.

57.     Plaintiff has been damaged in excess of seventy-five thousand dollars ($75,000.00).

COUNT FIVE

VIOLATION OF MINNESOTA STATUTE 181.14

58.     The Plaintiff re-alleges the previous paragraphs hereto that are incorporated herein by reference and are set forth herein.

59.     The Plaintiff and Defendants Staley and Freelance entered into a contract for Plaintiff to provide medical services to assigned hospitals in Minnesota.  The rate of pay was to be $225.00 per hour and $337.50 per hour for holidays and special circumstances shifts in the

HealthEast Hospitals where he was promised time and a half for the hours he worked.  Plaintiff was to be paid $250.00 per hour and $375.00 per hour for holidays and special circumstances shifts in Defendant District One Hospital.  See Exhibit D.

60.    Defendants Staley and Freelance assured the Plaintiff that it was going to look out for his best interests and enhance his earning power by giving him good paying jobs and paying him in a timely manner.

61.    Payments were to be made by Defendants Staley and Freelance to Plaintiff in a prompt manner via Direct Deposit into his US Bank account.  This was not done for all of the payments for wages due and owing which were earned by the Plaintiff.

62.    The Plaintiff worked for Defendants Staley and Freelance from October 5, 2016, to January 18, 2018.

63.    The failure of Defendants Staley and Freelance to pay and otherwise act in good faith and deal fairly with Plaintiff caused him to quit working for Defendants Staley and Freelance on March 8, 2018.  Plaintiff demanded payment from Defendants but they have refused to pay him.  Defendants have failed to pay Plaintiff for all of the services he performed at the assigned hospitals in 2016, 2017, and 2018.  Payments are long said overdue.

64.    Plaintiff employee quit in the fall of 2018 but Defendants Staley and Freelance as the employer did not pay the employee all wages due and owing by the next regularly scheduled payday.  Over a year later, Defendants Staley and Freelance still have not paid Plaintiff all of his wages that are due and owing.

65.    Plaintiff properly demanded that Defendants pay him wages for 2016 into 2018 but Defendants did not do so.  The Defendants Staley and Freelance have failed to pay Plaintiff on the next regularly scheduled payday.

66.    To the date of this complaint, the Defendants Staley and Freelance still have not made payments due to the Plaintiff for over one year.

67.    Despite requests for payment and explanation of the handling of payments, the Defendants Staley and Freelance have refused to audit, adjust and properly submit payments due to Plaintiff.  Defendants Staley and Freelance by its acts and non-acts have violated Minnesota statute 181.14.

68.    Plaintiff has been damaged in excess of seventy-five thousand dollars ($75,000.00).

COUNT SIX

FRAUD

69.     The Plaintiff re-alleges the previous paragraphs hereto that are incorporated herein by reference and are set forth herein.

70.     Defendants Freelance and Staley spoke with Plaintiff before he ever accepted the Defendants' offer.  Staley and others at Freelance made false representations to Plaintiff as to how much he would earn as wages.  Staley and others promised Plaintiff repeatedly that he would be paid $225.00 per hour for services he would perform, but paid him a lower hourly amount when Defendants paid at all.  Defendant Dr. Jennings R. Staley is the owner of Defendant Nine Line d/b/a Freelance Physician.  He is aware of Plaintiff's demand for payment from Freelance, but has not complied in a timely and honest manner.

71.     The Defendants Staley and Freelance in California doing business in Minnesota intentionally and falsely with scienter represented to the Plaintiff Physician in Minnesota at various times from October of 2016 that the rate of pay was to be $225.00 per hour and $337.50 per hour for holidays and special circumstances shifts in the HealthEast Hospitals where he was promised time and a half for the hours he worked.  Plaintiff was to be paid $250.00 per hour and $375.00 per hour for holidays and special circumstances shifts in Defendant District One Hospital.  All of these pay rates have been set forth herein in the previous paragraphs.  Please see the Exhibit A attached hereto that refer to and set forth the rates of pay available to him for the hours of services that were available to him and constitute an offer from Freelance to Plaintiff. Defendant Freelance did not intend to honor is representations and thereafter used fraud against Plaintiff.  Plaintiff was induced by the offer of Defendant Freelance and accepted work of performing services as assigned hospitals for Freelance from 2016 into the fall of 2018.

72.     Plaintiff has not yet been paid by Freelance for the hours he had performed services in October 2016 and the beginning of November 2016.  Freelance falsely, after Plaintiff had performed services, claimed that he would not receive payment until he had received some W-2 forms which he completed and sent to Freelance.  However, as seen by Exhibit E, Freelance had no reason to require these forms from Plaintiff as Freelance does not take any deductions out of the payments made to the physicians.  In reviewing the hours he worked and the payment made to him, the Plaintiff realized in March of 2017 that the Defendants Staley and Freelance had been paying him $200.00 per hour instead of the promised $225.00 per hour or as above-

stated.  See Exhibit C.  This presented a "Bait and Switch" fraud by Defendants.  Defendants Staley and Freelance used a deceptive trade practice to induce Plaintiff to do work and then he was paid less than promised or not at all.

73.     Plaintiff also pointed out to Defendants Staley and Freelance that he had not been paid for all of the hours that he had performed services for Defendants Staley and Freelance.  As a result of this Plaintiff was sent a payment statement that stated that he was paid $71,993.75 on December 31, 2017.  See Exhibit F.  This payment statement does not have a check number on it but instead states "unknown."  Plaintiff's bank account does not show a deposit of said amount on said date.  Defendants intentionally, knowingly with scienter have made false excuses as to why they cannot provide copies of time records of the hours that Plaintiff performed services for Defendants.  This fraud was used to wrongly induce Plaintiff not to pursue collection remedies against Freelance and to further induce him to continue working for Freelance.

74.     The Plaintiff received the intentional false and misleading information from Defendants Staley and Freelance both before entering the contract with Freelance and after he completed work for the assigned hospitals and the payment for it was far overdue.  Freelance intentionally and knowingly with scienter made false representations to Plaintiff with no intention of addressing the unpaid money due and owing to him.  See Exhibit C.

75.     Freelance intentionally, knowingly with scienter promised Plaintiff to pay Plaintiff the rate of $225.00 per hour but that was not true.  This was fraud in the inducement.  Freelance did not pay Plaintiff that rate.  This was a bait and switch tactic by Defendants Staley and Freelance because it baited him with $225.00 per hour but then only paid him $200.00 per hour.

76.     Freelance intentionally and knowingly with scienter made false representations to Plaintiff including that it had directly deposited money into his account as payment on money owed to him when that was untrue (See Exhibit F).  Further, to delay paying Plaintiff, Freelance requested knowingly and with fraudulent intent that Plaintiff fill out further papers even weeks after his work at a hospital was long since completed (See Exhibit C).  Freelance had previously falsely promised payment would be forthcoming any day.  On the 31st day of December 2017, Defendants Staley and Freelance claimed to be indebted to the Plaintiff for services rendered in the sum of approximately $71,993.75, but no part thereof has been paid.  The actual amount of wages due and owing appears to be larger and to exceed seventy-five thousand dollars

($75,000.00). Freelance is responsible for inducement of fraud. Defendants Freelance and Staley made false representations to induce Plaintiff to enter into the contract with Freelance.

77.     The Defendants Staley and Freelance intentionally and knowingly with scienter made many false statements to keep Plaintiff waiting to get paid knowing them to be untrue such as, that he had to fill out various forms to be paid, that things had to be done to make direct deposits to his account, and that the automatic deposit system was not working all of which were intentionally, knowledgably with scienter made by Defendants Staley and Freelance to Plaintiff and were known to be untrue by Defendants. Even after Plaintiff started to ask to be paid for the services he had performed in the past that were overdue in 2018, Freelance made further intentional and knowing with scienter false representations by telling him that he could expect to get payment any day and should continue to work for it because the payment from doing it was forthcoming. See Exhibit D. These were false representations since Freelance showed by its own acts that it never intended to honor its representations.

78.     Plaintiff in good faith believed the various intentional false representations and excuses made by Defendants Staley and Freelance intentionally, knowledgably and with scienter. These fraudulent representations induced Plaintiff to do work at the assigned Minnesota hospitals. Freelance intentionally and knowingly with scienter misled Plaintiff by its false representations. Defendants Staley and Freelance fraudulently concealed that it had not paid all money due Plaintiff as promised by it. Only in the late fall of 2018, Plaintiff realized that he was the victim of fraud by Defendants Staley and Freelance.

79.     Plaintiff did not know, and could not reasonably have known, the facts material to the causes of action pled in this Complaint prior to Plaintiff making the foregoing discoveries of Defendants Freelance and Staley's fraudulent pattern of behavior in the late fall of 2018 as set forth earlier in this complaint.

80.     The Defendants Staley and Freelance by its fraudulent statements and deceptive practices intentionally, knowingly with scienter concealed and misled Plaintiff into believing that if he waited his wages were to be paid to him. This fraud was known by Freelance, the owner of Defendant Freelance, Dr. Jennings R. Staley, and the wife of Defendant Staley who all knowingly, intentionally with scienter communicated false information to the Plaintiff.

81.     The Plaintiff discovered in the fall of 2018 the Defendants doing acts in furtherance of its plan to defraud him of being paid what had been promised to him. The

foregoing false statements by the Defendants Staley and Freelance were made of past and present facts.

82. The foregoing intentional and false statements with scienter by Defendants from 2016 and into 2018 were material and susceptible to knowledge.

83. At the time the Defendants made the foregoing intentional, knowledgeable with scienter false statements, it understood that they were false and misleading. Defendants Staley and Freelance fraudulently misled the Plaintiff into believing that he was going to be paid for the services that he had performed, but he was not paid the wages he was actually entitled to receive.

84. By its foregoing intentional and knowing with scienter false statements and deceptive practices of Defendants Staley and Freelance, the Plaintiff has been damaged.

85. Defendants Staley and Freelance intended that the Plaintiff be induced to act, or would be justified in so acting in performing services for it and waiting to be paid. The fraudulent activity of Defendants Staley and Freelance did induce the Plaintiff to continue to work for them and wait to be paid. The fraudulent inducement of Defendants Staley and Freelance was successful because it did induce Plaintiff to perform services at HealthEast Hospitals and District One Hospital and not get paid for the services that he had performed which has damaged Plaintiff.

86. Based upon the foregoing intentional, knowing with scienter false statements and other deceptive practices by the Defendants Staley and Freelance, the Plaintiff was intentionally misled by the Defendants Staley and Freelance into performing services and then not be paid for the services that he had performed, while Defendants Staley and Freelance were paid by the Hospitals for the services rendered by Plaintiff.

87. The Plaintiff was ignorant of the falsity of the Defendants Staley and Freelance's false statements and related deceptive practices.

88. The Plaintiff believed the Defendants Staley and Freelance's statements to be true and reasonably relied on its truth and accuracy that Defendants Freelance and Staley either had or would pay Plaintiff.

89. In reliance on the Defendants Staley and Freelance's false claims, the Plaintiff performed services at the assigned Minnesota Hospitals and waited to be paid to his substantial detriment. Further, intentional and knowing with scienter false representations by Defendants were made that he would be paid any day and should continue to work for it because the pay was

so good further induced Plaintiff to work for it even though Freelance had no intention of honoring its intentional and knowing with scienter representations.  The result was that Defendants Staley and Freelance because of its false statements was able to get paid for services performed by Plaintiff without paying him.

90.     The damage experienced by the Plaintiff was related to the foregoing false statements and other deceptive practices of the Defendants Staley and Freelance.  The Plaintiff suffered damage by not being paid in a timely and correct manner by Defendants Staley and Freelance.

91.     If the Plaintiff had known of the true facts, he would not have taken the above such actions.  The Plaintiff had not discovered the false statements and/or deceptive practices until after the original acts of fraud by the Defendants Staley and Freelance.

92.     Defendants Staley and Freelance knew of the proper policies, procedures, and criteria for paying Plaintiff but did not do it intentionally, knowingly and with scienter. Defendants Staley and Freelance intentionally and knowingly with scienter violated such policies, procedures, and criteria of payment to the Plaintiff to fraudulently obtain greater reimbursement payment than it was entitled to receive from October of 2016 into 2018.

93.     The intentional, knowledgeable and with scienter foregoing acts of fraud by Defendants Staley and Freelance were the direct and proximate cause of damage to Plaintiff.

94.     Wherefore, the Plaintiff has been damaged in excess of seventy-five thousand dollars ($75,000.00).

COUNT SEVEN

PERSONAL FRAUD COMMITTED BY JENNINGS R. STALEY

95.     The Plaintiff re-alleges the previous paragraphs hereto that are incorporated herein by reference and are set forth herein.

96.     Defendants Freelance and Staley spoke with Plaintiff before he ever accepted the Defendants' offer.  Staley and others at Freelance made false representations to Plaintiff as to how much he would earn as wages.  Staley and others promised Plaintiff repeatedly that he would be paid $225.00 per hour for services he would perform, but Defendants did not pay Plaintiff the promised compensation.  Defendant Staley used bait and switch tactics.

97.     Defendant Jennings R. Staley is the owner of Nine Line, Incorporated which is doing business as Freelance Physician.  Staley intentionally, knowing with scienter, set up,

Egal v. Dr. Staley, Nine Line, et al

suppressed and covered up the intentional and subsequent fraud of Freelance when making the fraudulent offer in the contract.  Defendant Staley fraudulently communicated directly with the Plaintiff in 2016 and 2017.  Dr. Egal spoke with Defendant Staley by telephone several times in the summer of 2017 regarding his concern with not being paid by Defendant Staley's company Nine Line, Incorporated d/b/a Freelance Physician.  Defendant Staley did not deny owing Plaintiff the money set forth in this complaint but rather took the position that if Plaintiff continued to work for Defendant Nine Line d/b/a Freelance Physician that it would be highly profitable for Plaintiff and that Defendant Staley was going to personally have someone promptly take care of paying him.  Defendant Staley's intentional, false with scienter representations induced Plaintiff to continue to work for Defendant Nine Line d/b/a Freelance Physician but Plaintiff was not paid despite Defendant Staley's false representations.

98.     Defendant Jennings R. Staley created and participated in a fraudulent video that Plaintiff saw that was a "come on" (or "enticement") to get Physicians to work for his company Nine Line d/b/a Freelance Physician.  Plaintiff observed the video and it further induced Plaintiff to continue to work for Defendant Nine Line d/b/a Freelance Physician.  On the video were intentional, knowing with scienter false statements made by Defendant Staley about the high profits of Nine Line d/b/a Freelance Physician and the advantages of working for it that were untrue.  These false statements were known to be untrue when they were made by Defendant Staley.  Defendant Staley intentionally, knowingly with scienter made false statements to induce physicians to work with him and his statements did induce Plaintiff to work for Nine Line d/b/a Freelance Physician.  Plaintiff relied upon Defendant Staley's false representations to his detriment.  The video tape and communications that Plaintiff had with Defendant Staley and his wife were the cause of damage to Plaintiff.  He continued, based upon the false communications of Defendant Staley and his wife and the video tape, to work without getting the promised payments for Defendant Nine Line d/b/a Freelance Physician and Plaintiff was damaged because of it.

99.     After Plaintiff did not receive the payments promised by Defendant Staley, he wrote to him, but Defendant Staley did not respond.  See Exhibit D.  Defendant Staley personally committed fraud that damaged Plaintiff by starting and running a fraudulent company Nine Line d/b/a Freelance Physician, personally making false statements in a video intended to defraud the viewer, apparently under capitalizing his company, siphoning off funds from his company for his

personal use, managing a fraudulent company and making false and otherwise misleading statements intentionally, knowingly and with scienter to Plaintiff that damaged him.

100.    Plaintiff has been led to believe from communication with another physician that Defendant Staley has a pattern and practice of defrauding physicians in the same way he did to Plaintiff.  The Plaintiff understood from what the other physician told him that Defendant Staley had an under capitalized business Nine Line d/b/a Freelance Physician and had been siphoning off funds to use for another of his businesses so he knew that he did not have money to pay the physicians as he represented and did not have the financial resources claimed in the video tape he misled him into continuing to work for Defendant Nine Line d/b/a Freelance Physician which led to his being financially damaged by not being paid as promised.

101.    Defendant Jennings Staley intentionally and knowingly with scienter made a fraudulent advertisement to induce physicians to work for Freelance.  Dr. Jennings Staley intentionally and knowingly set up the business of Nine Lines, Incorporated d/b/a Freelance that defrauded Plaintiff.  He personally reaffirmed the same false promises made in writing to the Plaintiff to induce him to do work.  Even after Plaintiff completed work pursuant to the promises made, Staley intentionally not only did not have his business Freelance pay him, but Staley and his wife, who was his agent, made active misrepresentations to Plaintiff such as he had been paid, soon would be paid, and needed to fill in papers before being paid.  These were intentional, knowingly with scienter misrepresentations made to put off Plaintiff from pursuing his right to be paid.

102.    The representations that Staley made to fraudulently induce the Plaintiff into entering the contract in 2016 were bait and switch.  He made additional false knowing and intentional with scienter statements in 2017 and 2018 including in a video.  Those representations to Plaintiff were intentionally, knowingly with scienter known by Staley to be false and had to do with a past or present fact.

103.    The intentional, knowing with scienter false representations that Staley and his wife, who was his agent, made to Plaintiff were material and were known to be the basis of the motivation for Plaintiff to work with Freelance.  This motivation being that Plaintiff was to receive payment for services that he had performed and for the services that he would perform.

Egal v. Dr. Staley, Nine Line, et al

104.    When Staley made the intentional misrepresentations to Plaintiff, the subject and substance of his fraudulent statements were susceptible to knowledge.

105.    Staley as the representor knew that what he was representing to Plaintiff was false or asserted the fact without knowledge of whether it was true.  Further, Staley followed a pattern and practice of fraudulent representations as can be seen in the misleading video he made that misled the Plaintiff when he viewed same.

106.    Staley made representations to Plaintiff with the intent to induce him to act and the Plaintiff was induced to act.

107.    Plaintiff in reliance on the representations of Staley did acts or did forgo doing acts and as a result he suffered damages attributable to the misrepresentations of Staley and his wife who was his agent.

108.    Staley is responsible for his wife who was his agent under respondeat superior. She intentionally, knowing with scienter falsely promised that payments either had been made or would soon be made to the Plaintiff which was a false misrepresentation of a past or present material fact.  She did so with knowledge that what she was saying was a false assertion.  She did so with an intention to induce the Plaintiff to act or to justify the Plaintiff to act or forgo moving to collect the wages that were due to him.  Plaintiff was induced to act and/or forgo moving to collect wages due to him in acting in justifiable reliance on the representations of Staley's agent wife and as a result Plaintiff suffered damage proximately caused by the misrepresentations.

## PIERCING THE CORPORATE VEIL

109.    Defendant Dr. Jennings R. Staley who is an owner of Defendant Freelance has knowledge of his company's fraud and continued support of the fraud gives a compelling basis to pierce the corporate veil and make him personally liable for the fraud perpetrated against Plaintiff.  Further, Staley's active personal fraud through making the fraudulent video and false representations by he and his wife to Plaintiff give a basis to pierce the corporate veil.

110.    Defendant Dr. Jennings R. Staley is a shareholder and on information and belief the controlling shareholder in Freelance Physician and Nine Line, Incorporated.  Defendant knew of the fraud being perpetrated against Plaintiff and participated in it for his own personal advantage using Freelance as his alter ego to effectuate the fraud.  He kept the funds that were due to Plaintiff for his own profit which was siphoning off of funds by the dominant shareholder

and in the process did not follow proper corporate formalities. Defendant used the existence of the corporate status of Freelance as a façade for individual dealings. Because Defendants Freelance and Nine Line refuse to make payment and have used deceptive devises to avoid paying what was due to Plaintiff while Defendant Staley has intentionally, knowingly and with scienter profited from this unsavory fraud piercing the corporate veil is necessary to avoid injustice or fundamental unfairness. From the failure to make timely payments it appears that Freelance has insufficient capitalization for purposes of the corporate undertaking, failed to observe corporate formalities, and funds were siphoned off for the dominant shareholder Defendant Staley and the corporate façade of Freelance and Nine Line were a mere façade for Defendant Staley's individual dealings.

111.    The Plaintiff has been the innocent injured party of Defendant Staley's fraud. Defendant Staley has used Freelance to defraud Plaintiff so it would be unjust and is necessary to pierce the corporate veil to avoid injustice or fundamental unfairness. The failure to impose personal liability would be an injustice or would be fundamentally unfair and the corporation has been operated in such an unjust manner with respects to the Plaintiff as to require relief.

112.    In the event Freelance cannot or is unable to pay all of wages that are due and owing to the Plaintiff, Defendant Staley should be personally liable for said payments, interest, attorney's fees, costs and other sanctions.

113.    Wherefore the Plaintiff has been damaged in excess of seventy-five thousand dollars ($75,000.00) and it would be unjust not to pierce the corporate veil and make Defendant Staley liable for the Plaintiff's damages.

**WHEREFORE**, Plaintiff prays for the following relief:

A.    Ordering an accounting from Defendants and a judicial determination that the Defendants provide the explanation of all of the hours of services performed by Plaintiff for Defendants and the handling of payments to the Plaintiff which should include an audit to adjust and properly submit payment due to Plaintiff;

B.    A judgment against Defendant Staley and Defendant Nine Line, Incorporated d/b/a Freelance Physician awarding damages to Plaintiff to compensate him for the lost wages earned by Plaintiff for services he performed for Defendants;

C.    Ordering the corporate veil be pierced and Defendant Staley be held personally liable and judgment entered against him for all damages of Plaintiff.

Egal v. Dr. Staley, Nine Line, et al

D.      Ordering that the corporate veil of Nine Line d/b/a Freelance be pierced and that Defendant Jennings Staley and Nine Line be jointly and severely liable to Plaintiff for all damage to him including attorney's fees, costs, interest and any other sanctions.

E.      Ordering sanctions for each violation by Defendants Staley and Nine Line, Incorporated d/b/a Freelance Physician to abide by Minnesota Statute 181.14, including but not limited to full reimbursement, sanctions, interest and for Plaintiff's attorney's fees and costs incurred to enforce the Orders;

F.      Awarding all damages allowed under Minnesota Statute 181.14 including all damages allowed by the statute, interest, attorney's fees and costs; and

G.      Granting such other relief as may be just, with costs.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues triable by jury.

Dated: Dec 18, 2018

NEFF LAW FIRM, P.A.

By: _____
Fred L. Neff, #77355
One Corporate Plaza, Suite 165
7400 Metro Boulevard
Edina, MN 55439
Telephone: (952) 831-6555
Facsimile: (952) 831-2711
**Attorney for Plaintiff**

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party or parties, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

Dated: Dec 18, 2018

NEFF LAW FIRM, P.A.

By: _____
Fred L. Neff, #77355
One Corporate Plaza, Suite 165
7400 Metro Boulevard
Edina, MN 55439
Telephone: (952) 831-6555
Facsimile: (952) 831-2711
**Attorney for Plaintiff**

Egal v. Dr. Staley, Nine Line, et al

## VERIFICATION

I, Dr. Hussein W. Egal, have read the Verified Petition for the Complaint and allege that the information, and the factual statements therein are true and correct.

Dated: _12/18/18_

Dr. Hussein W. Egal

STATE OF MINNESOTA       )
                                              ) ss.
COUNTY OF HENNEPIN     )

Dr. Hussein W. Egal appeared before me this _18_ day of _December_, 2018 and acknowledged that the foregoing is true and accurate to the best of his knowledge.

Notary Public



Frederick L. Neff
NOTARY PUBLIC
MINNESOTA
My Commission Expires January 31, 2021

Egal v. Dr. Staley, Nine Line, et al